JOHNSON *v.* DRAKE.

A cause of action was alleged, and it was error to sustain a general demurrer to the petition.

No. 6250.  MARCH 15, 1928.

Equitable petition.  Before Judge E. D. Thomas.  Fulton superior court.  August 30, 1927.

*Sims & Berman,* for plaintiff.

*Leo Sudderth* and *Branch & Howard,* for defendant.

GILBERT, J.  Mrs. Lucy Johnson filed a bill for receiver against Mrs. Hattie Drake, alleging that the defendant was the widow of J. E. Drake, who at the time of his death owned a general merchandise store over which petitioner had been manager for the two years next preceding; that petitioner, a widow with two minor children, was the sister of said deceased; that in the presence of witnesses he had given her said stock of merchandise and the good will of said business for the support of herself and children; that the defendant acknowledged the same, and turned the keys of said store over to petitioner, promising she would make a deed

Receivers, 34 Cyc. p. 111, n. 41.

thereof to petitioner as the sole heir at law of Drake, but later demanded possession of the property as having been set aside to her as a year's support, to which petitioner acceded under protest; that the court of ordinary was without jurisdiction to set aside said property to the widow of Drake as a year's support, and petitioner knew nothing of said proceeding; that the value of said merchandise was about $5000, of which it was impossible for petitioner to make an inventory, nor could she sue at law therefor or for the good will of the same; that both Mrs. Drake and petitioner were claiming title to the property, and it would not be just for either to have possession pending the dispute, but a receiver should be appointed who should appraise and sell the property, and dispose of the proceeds according to the order of the court as to equity should appertain; and that petitioner had operated the store believing it to be her own, paying the expenses incident thereto, until the defendant came to her and suddenly demanded possession, stating that the property had been set aside to defendant as a year's support and she would not permit petitioner to have it. A temporary receiver was appointed, with instruction to take possession and make an appraisement. The defendant answered, and demurred generally and specially. The court sustained the general ground of demurrer, dismissing the petition without passing on the special grounds, and discharging the temporary receiver. The plaintiff excepted.

1.  The petition set out a cause of action sufficient to withstand a general demurrer.

2.  The judgment sustaining the demurrer being erroneous, all other proceedings were nugatory.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Atkinson, J., who dissent.*